# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM C. CARN, III, as Chapter 7 Trustee of SpecAlloy Corp., *et al*. | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) CASE NO. 1:16-cv-703-DAB<br>) |
| HEESUNG PMTECH CORP., | )<br>) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

William C. Carn, III, as the Chapter 7 Trustee ("the Trustee") of SpecAlloy Corporation doing business as Panhandle Converter Recycling ("SpecAlloy" or "the Debtor"), LKQ Corporation ("LKQ"), Converter Brokers, LLC, ("Converter Brokers"), and Enterprise Recycling, Ltd., doing business as Wrench-A-Part and Commodity Recyclers ("Enterprise") filed the Amended Complaint against Defendant Heesung PMTech Corporation ("Heesung" or "Defendant"). (Doc. 24). The Trustee asserts claims of avoidable setoff pursuant to 11 U.S.C. §§ 553 and 550; avoidable preferences pursuant to 11 U.S.C. §§ 547 and 550; fraudulent transfers pursuant to 11 U.S.C. §§ 548 & 550; fraudulent transfers pursuant to the Uniform Fraudulent Transfer Act, Ala. Code §8-9-1, *et seq*., and 11 U.S.C. §§ 544 and 550; re-characterization of the advances; and equitable subordination. LKQ, Converter Brokers, and Enterprise (collectively "the Suppliers") assert state law claims of

conversion; breach of contract; quantum meruit; unjust enrichment; principal liability; and partner/joint venture liability. (Doc. 24).[1]

On October 13, 2017, Heesung filed its Answer to the Amended Complaint and Counterclaim (Doc. 49), and an Amended Answer and Counterclaim on October 17, 2017, (Doc. 52). In Count I, Heesung requested a declaratory judgment "confirming who has an interest in the Supplier Converters," "confirming who was entitled to receive payment on account of Debtor's sale of Supplier Converters to Heesung," "declar[ing] that LKQ, Brokers, and Enterprise did not retain or otherwise preserve a bailment relationship with Debtor," and "establishing the relationship between and among Heesung, Debtor, LKQ, Brokers, and Enterprise." (Doc. 52 at ¶¶ 192-98). In Count II, Heesung stated a claim for Breach of Contract, accounts owing, against SpecAlloy Corporation. (Doc. 52 at ¶ 231) In Count III, Heesung requested a declaratory judgment it made "Advance Payments" to SpecAlloy Corporation that should be characterized as debts. (Doc. 52 at ¶ 265). In Count IV, Heesung stated a claim for Breach of Implied Covenant of Good Faith and Fair Dealing against SpecAlloy Corporation. (Doc. 52 at ¶ 274).

On November 3, 2017, the Suppliers filed a Motion to Dismiss Heesung's Counterclaims, or, in the alternative, to redesignate the Counterclaims as affirmative

---

[1] A case related to this matter is currently pending in the United States Bankruptcy Court for the Middle District of Alabama. *In re SpecAlloy*, No. 16-10013 (DHW). On November 28, 2016, Judge Dwight H. Williams, Jr., generally continued the matters in the bankruptcy proceeding pending the outcome of litigation in this court. *Id.*, Doc. 43-1.

defenses (Doc. 59), and the Trustee filed a motion to strike or dismiss the Counterclaims (Doc. 60). Further, on February 29, 2018, the parties filed a Joint Motion for Extension of Time to Amend Pleadings and Add Parties (Doc. 84), and Heesung filed a Motion to Amend its Answer and to assert additional affirmative defense (Doc. 85).

## I.    JURISDICTION

This court has federal question jurisdiction pursuant to 28 U.S.C. §1331, diversity jurisdiction pursuant to 28 U.S.C. §1332, bankruptcy jurisdiction pursuant to 28 U.S.C. §1334(b), and supplemental jurisdiction pursuant to 28 U.S.C. §1367. The parties do not contest personal jurisdiction or venue, and there are adequate allegations to support both. *See* 28 U.S.C. § 1391. The parties do not dispute venue or personal jurisdiction, and there are adequate allegations in Plaintiff's Amended Complaint and Heesung's First Amended Answer and Counterclaim to support both. On January 18, 2017, the parties consented to Magistrate Judge Jurisdiction for all matters pursuant to Rule 73, Fed. R. Civ. P., and 28 U.S.C. § 636(c). On December 20, 2017, this matter was reassigned to the undersigned as the presiding judge in this matter.

## III.    STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the Complaint against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663 (alteration in original) (citation omitted). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The standard also "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of the claim. *Twombly*, 550 U.S. at 556. While the complaint need not set out "detailed factual allegations," it must provide sufficient factual amplification "to raise a right to relief above the speculative level." *Id.* at 555.

"So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Twombly*, 550 U.S. 558 (quoting 5 Wight & Miller § 1216, at 233-34 (quoting in turn *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Haw. 1953)) (alteration original). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).

> "In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."

*Iqbal*, 556 U.S. at 679.

## IV. DISCUSSION

The Suppliers argue that Heesung's Counterclaims "fail to state claims for which relief may granted in that they are subsumed by the claims already asserted

by LKQ, Converter, and Enterprise against Heesung as well as Heesung's affirmative defenses. Accordingly, such claims are duplicative of the claims already before the Court, and the Court should exercise its discretion to dismiss the counterclaims for declaratory relief under settled and well–reasoned authority." (Doc. 59 at 1-2). Similarly, the Trustee argues that "The Court should dismiss the Counterclaims and strike the factual allegations in support thereof because the Counterclaims are entirely duplicative of matters that are already pending before this Court and the Bankruptcy Court, making them redundant and unnecessary." (Doc. 60 at 3-4). The Trustee bases his argument on Rule 12(f), Fed. R. Civ. P., which provides that "t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Id.*

In essence, the Counterclaim Defendants do not dispute that there are sufficient factual allegations to support Heesung's Counterclaims, but have requested that this Court use its discretion to dismiss, strike, or otherwise recharacterize the Counterclaims. However, this litigation is currently before the Middle District in multiple cases and is currently awaiting a ruling in 1:17mc3807-WKW-DAB, in which the undersigned has recommended that the various cases be consolidated for determination. Accordingly, Counterclaim Defendants' respective motions are due to be denied without prejudice. Once the matter of withdrawal of the reference is resolved, the Court will again confer with counsel for purposes of

scheduling and, as may needed, further pleading so as to organize the issues for appropriate resolution.

## V. CONCLUSION AND ORDER

For the reasons stated, it is **ORDERED**:

Counterclaim Defendants Suppliers' motion to dismiss the Counterclaim (Doc. 59) is **DENIED** without prejudice. Counterclaim Defendant Trustee's motion to strike and dismiss the Counterclaim (Doc. 60) is **DENIED** without prejudice. The parties' Joint Motion to Extend the Time to Amend Pleadings and Add Parties is **DENIED** without prejudice. Heesung's Motion to Amend its First Amended Answer and Counterclaim and to Assert Additional Affirmative Defenses is **DENIED** without prejudice. The parties may, if they choose, revisit these issues after a ruling has been entered in the related matter of 1:17mc3807-WKW-DAB.

**DONE** and **ORDERED** this 9th day of April, 2018.

_____
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE